# Daniel Szalkiewicz
# & Associates

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
lawdss.com

August 2, 2023

**Via CEF**
Hon. Lorna G. Schofield
United States District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

*Re:*   **K.I. v. Tyagi**
       **Case No. 1:23-cv-01777-LGS**

Dear Judge Schofield,

We represent the plaintiff, K.I., in the above-referenced matter.  This letter is submitted pursuant to the Court's request for a letter providing the basis for personal jurisdiction over the defendant, Bharat Tyagi ("Tyagi" or "Defendant") (Docket Entry [DE] 20).

First, Plaintiff K.I., ("Plaintiff") was, at all relevant times, a resident of the State of New York (DE 1 ¶¶ 6 and 7) and employed as an independent contractor at multiple hospitals throughout the state.  Second, the atrocities committed by Defendant occurred while Plaintiff was present in New York.  Third, Defendant lived at Plaintiff's New York residence while the two were dating (Declaration ¶¶3-5).  Fourth, the majority of the intimate content which Defendant would go onto disseminate online was filmed within the State of New York (Declaration ¶6).  Fifth, Defendant intentionally interfered with Plaintiff's business by contacting and making false accusations to multiple hospitals in the State of New York with the intention of interfering with Plaintiff's continued employment with those hospitals (DE 1 ¶9).  Sixth, Defendant further attempted to interfere with Plaintiff's New York professional license and employment when he made further false accusations to offices of professional discipline in Rochester and Bronx as well as to the police department in Geneseo, New York (Declaration ¶¶13-16).  Seventh, Defendant committed a tortious act against Plaintiff when he physically traveled to Geneseo, New York to file a false police report against Plaintiff (Declaration ¶¶13-16).  Eighth, Plaintiff's Complaint further asserts that Defendant was aware that his actions would directly affect a New York resident and, in fact, aimed his actions there (DE 1 ¶ 9).

"Where, as here, the issue of personal jurisdiction 'is decided initially on the pleadings and without discovery, the plaintiff need show only a *prima facie* case' of jurisdiction on a motion under Rule 12(b)(2) "(Bonkowski v HP Hood LLC, 2016 US Dist LEXIS 116492, at *3 [EDNY Aug. 30, 2016, No. 15-CV-4956 (RRM) (PK)]).  "Plaintiff's prima facie showing 'must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant'" (PDO Max, Inc. v. Malcmacher, 2022 U.S. Dist. LEXIS 218102, *8).

"In determining whether it possesses personal jurisdiction, the Court employs a two-step inquiry.  First, the Court must determine whether there is a 'statutory basis for

DS & A

August 2, 2023
Page 2

exercising personal jurisdiction.'  Second, the court must consider whether exercise of personal jurisdiction over the defendant is consistent with due process under the Constitution" (AmTrust Fin. Servs. v Lacchini, 260 F Supp 3d 316, 327 [SDNY 2017]).

> Under C.P.L.R. § 302(a), there are four ways in which a plaintiff can establish the existence of specific personal jurisdiction over a non-domiciliary:  (1) where the non-domiciliary transacts any business within the state or contracts anywhere to supply goods or services in the state; (2) where the non-domiciliary commits a tortious act within the state, except as to a cause of action for defamation[1] of character arising from the act;…or (4) the non-domiciliary owns, uses, or possesses any real property situated within the state. N.Y.C.P.L.R. § 302(a). (Id. at 13).

Personal jurisdiction over Defendant is appropriate pursuant to subsection 1, because Defendant transacted business in within the state by invoking the benefits and protections of New York's laws; pursuant to subsection 4, because Defendant used real property situated within New York; and pursuant to subsection 2, because Defendant committed a tortious act within the state.

"A nonresident 'transacts business' in New York when she 'purposefully avails [her]self of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws.'" (Romero v. 88 Acres Foods, Inc., 580 F. Supp. 3d 9, 15). "Purposeful availment…requires more than 'random, fortuitous, or attenuated contacts'" (Royalty Network, Inc. v. Dishant.com, LLC, 638 F. Supp. 2d 410, 418).  Claims "arise from" the transaction of business "when there is 'some articulable nexus between the business transacted and the cause of action sued upon,' or when 'there is a substantial relationship between the transaction and the claim asserted'" (Vega v. Hastens Beds, Inc., 2022 U.S. Dist. LEXIS 26034, *18).  In Vega, the court found personal jurisdiction existed where a plaintiff made claims against an employer who played sexist videos to her in New York and circulated a link to an offensive video to her in New York (Id.).  The court concluded that the bad acts "appear[ed] to 'relate to her employment, which was contemplated to, and did, occur in New York'" and "Defendant reached into New York to create and maintain an ongoing business relationship with Plaintiff, and Plaintiff's claims against Defendant emerged from that relationship" (Id.).

As to subsection 1, Defendant purposely availed himself of his relationship with a New York woman and continued in his relationship with her whereby he lived in her New York home and traveled with her throughout New York state for her work, relying on Plaintiff for housing and living expenses.  Furthermore, the majority of the intimate content which Defendant would later disseminate online in order to harass and harm the reputation of a New Yorker was filmed in New York (Declaration ¶8).  Additionally, Defendant continued to avail himself of the privilege of conducting activities within New York when he posted Plaintiff's naked images online, directing comments toward her in the same posts (DE 1 ¶¶52, 54) and when he visited Geneseo, New York to file a police report against her, sent letters to the Geneseo police

---

[1] Plaintiff's lawsuit does not state any cause of action for defamation.

department and offices of professional responsibility in Rochester and the Bronx (Declaration ¶16), and initiated numerous calls to various New York hospitals attempting to get Plaintiff terminated and placed under investigation to endanger her New York professional license (DE ¶4). As to subsection 4, Defendant used real property situated in New York, namely Plaintiff's, but also property belonging to various other family members. Finally, as to subsection two, Defendant traveled to Geneseo, New York to file a false police report against Plaintiff, which amounts to a tortious act within the state, namely intentional infliction of emotional distress, intentional interference with prospective business relations, and/or tortious interference with contract/prospective economic advantage. As a result of the above, there is a statutory basis for exercising personal jurisdiction over Defendant.

Looking to the second prong of the test relating to due process, exercising personal jurisdiction over Defendant "[t]he exercise of personal jurisdiction here comports with 'traditional notions of fair play and substantial justice[,]'…, because Defendants' contacts with New York were continuous and substantial, and in no way random, fortuitous or attenuated" (Sunward Electronics, Inc. v. McDonald, 362 F.3d 17, 24). Defendant lived with a New Yorker for the large majority of their relationship, filming intimate acts within the state. Then, when the parties separated, Defendant continued his contact with New York, engaging in the vile tactics delineated above – all of which were directed into or occurred in New York and intended to harm a New York resident.

Concerning the Supreme Court's five part reasonableness analysis, 1) litigating this matter will place a minimal burden on Defendant who has family and contacts throughout the state; 2) New York has a significant interest in adjudicating the case because Defendant is maligning and attempting to harm the rights of a New Yorker; 3) Plaintiff has an interest in obtaining convenient and effective relief from Defendant's efforts to cause her to become unlicensed and unemployable; 4) litigating the matter in New York would be the most efficient means of resolving the controversy as Defendant's bad acts were directed exclusively at New York – including to New York hospitals, New York offices of professional misconduct, a police department in New York, and Plaintiff, who resides in New York, making the majority of potential witnesses in this case New York residents; and 5) inarguably, both Maryland and New York's social policies are furthered by pursuing these matters as Maryland also has laws against the nonconsensual dissemination of intimate images.

Thank you in advance for your consideration.

                                                  Respectfully submitted,

                                                  DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
                                                  *Daniel S. Szalkiewicz*

                                                  By: Daniel S. Szalkiewicz, Esq.
                                                  **daniel@lawdss.com**